Matthew Lewis (7919)
Ryan Bell (9956)
KUNZLER BEAN & ADAMSON, PC
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
email: mlewis@kba.law
rbell@kba.law

Terence Healy*
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (202) 721-4600
Fax: (202) 721-4646
Email: terence.healy@hugheshubbard.com
*pro have vice application forthcoming

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TREVOR MILTON, | **COMPLAINT** |
| Plaintiff, | Civil No. 2:20-cv-00700-HCN |
| v. | Judge Howard C. Nielson, Jr. |
| DAVID BATEMAN | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Trevor Milton, by and through counsel, brings this action against Defendant David Bateman ("Bateman") and alleges as follows:

**NATURE OF ACTION**

1. This is an action for defamation *per se* and for publicly disclosing private facts. Defendant Bateman has engaged in a malevolent practice of publishing outrageous and false

allegations against Plaintiff, including that he was involved in *sex trafficking* and has assaulted numerous unnamed women. Bateman has falsely portrayed Trevor Milton to the public, through the use of Twitter and other social media platforms, as some type of serial sex offender and even implies he was somehow partly responsible for the suicide death of one of Bateman's friends. These allegations are as offensive as they are unsupported.

2. Bateman has sought to weaponize his Twitter account—an account in which he prominently identifies himself as the CEO of Entrata, Inc. ("Entrata"). When pressed by one online commenter for the basis of an allegation that Plaintiff had ten years earlier sexually assaulted an undisclosed woman, Bateman had the audacity to respond merely, "Me. I'm the CEO of a company with 2200 employees. I wouldn't be making this up." Such is the depth of support for the attacks Bateman has made against Plaintiff.

3. In his effort to defame Plaintiff and portray him falsely in the eyes of the public, Bateman has stooped to the level of approaching women Plaintiff had known earlier in his life, prior to his marriage, and asking them to send screenshots of their private texts with Plaintiff. Bateman then published excerpts of those texts on Twitter and other online platforms in an effort to present Plaintiff in a misleading and unflattering manner.

4. Bateman's actions, while seemingly driven by some personal animus against Plaintiff, were all made while he held himself out as the CEO of Entrata, with Bateman even relying on his position at the company to give "authority" to his outlandish accusations. The board of directors of that company failed to take any actions to curb Bateman's repeated tortious conduct.

## THE PARTIES

5. Plaintiff Trevor Milton is a resident of Wyoming.

6. Defendant David Bateman is a resident of Utah.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Wyoming and Defendant is a citizen of Utah, and the amount in controversy far exceeds the jurisdictional minimum of 28 U.S.C. § 1332(a).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant has had substantial, deliberate, and systematic contacts with this District, and Plaintiff suffered injuries from Defendant's conduct in this District.

## FACTUAL ALLEGATIONS

9. Defendant Bateman has engaged in a malicious campaign to harass and defame Mr. Milton, using Bateman's Twitter account to publish a series of false accusations against Plaintiff. In addition to these false accusations, Bateman also has published private information about Plaintiff—in a misleading light—on his Twitter account, which is publicly available worldwide and boasts approximately 2000 "followers" or audience members. That information, in turn, was retweeted by Twitter users to countless thousands of others and reported in the national press and seen by persons across the entire country.

10. On September 19, 2020, Bateman sent off a barrage of tweets and replies in response to a tweet from an account named @WholeMarsBlog, containing a link to an article about an individual named Jonny Robb ("Robb"). From 2:56AM until 5:15AM, Bateman sent approximately ten tweets related to Jonny Robb and Plaintiff. Identifying Plaintiff Milton by tagging his twitter handle, @nikolatrevor, Bateman shared several screenshots of a private

conversation allegedly between Plaintiff and another individual. In his first reply at 2:56AM, Bateman stated he was posting the screenshots, "Because my dear friend Jonny isn't here to defend himself." Bateman went on to say, "I would have never shared these but you forced my hand @nikolatrevor – stop lying. own up."

11. Robb was a Utah resident and acquaintance of Plaintiff. On April 15, 2020, Robb was arrested and charged with a felony for trying to extort Plaintiff. Robb told Plaintiff that if he did not pay him $500,000, he would publish damaging information about him on Instagram. As he was being handcuffed by the police, Robb said to the arresting officers, "This is what happens when you blackmail a billionaire."

12. At one point, Plaintiff was forced to seek a civil restraining order to protect himself from Robb.

13. Robb sadly suffered from a history of mental illness and addiction—once describing himself to be "Jesus Christ" and "immortal." While awaiting trial on the charge of extortion, Robb took his own life by hanging on May 7, 2020.

14. Bateman, who described Robb as a "dear friend," has sought to use the tragedy of his suicide as an additional means of attacking Plaintiff. Bateman posted online that Robb "lost his life" because he tried to "expose" Plaintiff as a "predator."

15. Ironically, it appears—from Robb's own words—that the private texts Robb used to try to extort Plaintiff came *from Bateman* and were given by him to Robb—presumably for the very purpose Robb put them to use: to try to blackmail and damage Plaintiff.

16. At 4:56AM on September 19, 2020, Bateman tweeted another reply directly naming Plaintiff and insinuating—outrageously—that Plaintiff attempted to traffic women. Specifically, Bateman tweeted, "The entire week Jonny was interacting with Trevor Milton he

was in Cali with a friend who saw and heard everything. He's ready to come forward. More women will likely come forward with Milton's attempts to traffic them."

17. Bateman continued his tirade against Plaintiff on September 21, 2020. Beginning at 12:03AM that day, Bateman issued a series of tweets and responses regarding an allegation by "another woman" directly accusing Plaintiff of sexual assault when she was 18 years old. Specifically, his first tweet stated, "Another woman came forward accusing @nikolatrevor of groping her when she was 18 years old in 2011. While on a work trip, Milton allegedly climbed into bed and groped her against her will. I believe her. She gave me this message: 'I should have just cuddled at the most' [Face vomiting emoji]". Notably, when asked for a source for his 12:03AM tweet, Bateman replied, "Me. I'm the CEO of a company with 2200 employees. I wouldn't be making this up." The company he referenced was Entrata.

18. Bateman is not the only person associated with Entrata who has used social media to attack and defame Plaintiff. A now-former Senior Vice President of Entrata took to Facebook to give support to an allegation that Plaintiff had twenty years earlier fondled a young woman when both of them were teenagers. Of course, this former Entrata employee had no actual personal knowledge of the alleged event in question.

19. At 3:47AM on September 21, 2020, Bateman tweeted, "These were received by the 18-year old model from @nikolatrevor years later with another attempt to lure her #NikolaGate #Nikola". Attached to the tweet were four screenshots of a private conversation that Bateman alleged took place between Plaintiff and an 18-year old woman.

20. Bateman's attacks against Plaintiff have not been limited to online posts, calling him a "pedo" to some of Plaintiff's personal acquaintances in Utah.

21. Bateman continues to maintain his defamatory posts against Plaintiff online, thus causing ongoing and continuous damage to Plaintiff from this tortious conduct.

## CLAIM FOR RELIEF

### Count 1
### (Defamation *Per Se*)

22. Plaintiff incorporates by reference paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant has published various statements about Plaintiff that are false and defamatory. These include at least the following:

   a. Statements implying that Plaintiff wrongfully caused or contributed to factors that caused the suicide of Defendant's friend;

   b. A statement claiming that Plaintiff is secretly a "predator," who took violent or nefarious actions to avoid exposure of such secrets;

   c. Statements claiming or implying that Plaintiff has engaged in or attempted to engage in the sex trafficking of multiple women;

   d. Statements claiming or implying that Plaintiff has sexually assaulted multiple women; and

   e. Statements claiming or implying that Plaintiff is a pedophile.

24. These statements are false and defamatory *per se,* since they are of such common notoriety that their injurious character may be presumed from the words alone, and because they allege conduct that is criminal and of the type meriting the highest condemnation from the public.

25. As a direct result of Defendant's conduct, Plaintiff and his reputation was damaged in an amount to be determined at trial.

26.     Defendant's conduct was intentional or was reckless, and Plaintiff is also entitled to punitive damages in an amount to be proven at trial.

## Count 2
### (Public Disclosure of Private Facts)

27.     Plaintiff incorporates by reference paragraphs 1 through 26 above as though fully set forth herein.

28.     Defendant's statements about Plaintiff were published without his consent or authorization, and the statements were not subject to any claim of waiver or privilege.

29.     The published statements concerned matters private to Plaintiff and involved matters in which the public had no legitimate concern.

30.     The statements were published with knowledge that or with reckless disregard as to whether they would bring shame and humiliation to Plaintiff, and the statements did in fact bring shame and/or humiliation to Plaintiff.  Defendant acted out of malice and in bad faith.

31.     As a direct result of Defendant's conduct, Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

Plaintiff Trever Milton respectfully requests that the Court enter a judgment in his favor and against David Bateman, and award him the following relief:

A. A judgment against Bateman for compensatory and punitive damages, and all other damages available to him in amounts to be determined at trial;

B. An award of attorneys' fees and costs, as allowed by law;

C. An award of prejudgment and post-judgment interest, as provided by law; and

D. Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable by a jury.

Dated:  October 5, 2020            Respectfully submitted,

/s/ *Ryan B. Bell*
Matthew Lewis
Ryan Bell
KUNZLER BEAN & ADAMSON, PC
50 W. Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
Email: mlewis@kba.law
rbell@kba.law

Terence Healy*
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone:  (202) 721-4600
Fax:  (202) 721-4646
Email:  terence.healy@hugheshubbard.com
**pro hac vice motion forthcoming*

*ATTORNEYS FOR PLAINTIFF*