IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TREVOR MILTON,<br><br>　　　　　Plaintiff,<br>v.<br><br>DAVID BATEMAN,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO MODIFY ORDER TO PROPOSE SCHEDULE<br><br>Case No. 2:20-cv-700 HCN DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　This matter is before the court on Plaintiff's Motion to Modify Order to Propose Schedule.[1] (ECF No. 23.) The court will deny the motion.[2]

　　　　On October 8, 2020, the court entered an Order to Propose Schedule. (ECF No. 6.) That Order required the parties to meet and confer within thirty days after any defendant had been served, or after any defendant appeared, and prepare an Attorney Planning Meeting Report, along with a proposed schedule, and submit these to the court. Paragraph 6 of the Order contains an exception to this deadline. It provides that the time for submitting these items is stayed when a dispositive motion or Rule 12(b) motion is pending, or is filed prior to the deadline. The deadline then shifts to require the parties to meet these obligations within fourteen days after the court issues an order on the motion. Defendant filed a Motion to Dismiss within the requisite timeframe that is still pending. Thus the required deadline for submitting an Attorney Planning Meeting Report and a proposed schedule is currently stayed.

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Judge Howard Nielson. (ECF No. 5.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion on the basis of the written memoranda. DUCivR 7-1(f).

Plaintiff asks the court for an exception to the court's Order to Propose Schedule, so discovery can commence. In support of an exception Plaintiff argues delaying discovery will not save expenses, the Complaint is not likely to be dismissed at this stage of the proceeding, the likelihood of an early settlement is low, witness memories are likely to fade, and damages are continuous and ongoing. The court finds none of these arguments persuasive. In fact, as set forth by Defendant, it is not uncommon in this Circuit for courts to stay discovery pending resolution of a dispositive motion. *See, e.g., Rubin v. Jenkusky*, 601 F. App'x 606, 611, (10th Cir. 2015) (rejecting the plaintiff's arguments that a stay of discovery violated Rule 16(b)'s requirements that a court "'must issue [a] scheduling order … within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared.'") (quoting Fed. R. Civ. P. 16); *Pagel v. Utah State Prison*, 76 F. App'x 259, 260 (10th Cir. 2003) ("the magistrate judge properly exercised his discretion in staying discovery pending the district court's rulings on the defendant's dispositive motions."). Plaintiff does not point to any contrary authority suggesting that a court cannot stay discovery while a dispositive motion is pending. In addition, Plaintiff has not substantiated any need for discovery to respond to the pending Motion to Dismiss. Briefing on that motion is complete and there is no need to open discovery prior to the court ruling on it.

Accordingly, Plaintiff's motion is DENIED.

DATED this 10 March 2021.

_____
Dustin B. Pead
United States Magistrate Judge