IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TREVOR MILTON,<br><br>                      Plaintiff,<br>v.<br><br>DAVID BATEMAN,<br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-700 HCN DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

      This matter comes before the court on Plaintiff's Motion to Stay Discovery, (ECF No. 34.) and Plaintiff's Motion for Short Form Discovery re: Protective Order.[1] (ECF No. 35.) Plaintiff Trevor Milton filed this case in October 2020. In July 2021, Mr. Milton was indicted in the Southern District of New York for securities fraud. Plaintiff maintains his innocence in that case and it is set for trial on April 4, 2022. (ECF No. 34 p. 4.) Given the criminal case and the demands of preparing for it, Plaintiff asks the court to stay depositions in this case, including his own deposition, and requests a stay of discovery pending resolution of the criminal proceedings. For the reasoning set forth herein, the court will deny Plaintiff's motions.

BACKGROUND

      Plaintiff raises claims for defamation *per se* and public disclosure of private facts arising from tweets and communications that Defendant David Bateman posted or disclosed around September 2020. (ECF No. 2.) On October 26, 2020, Defendant moved to dismiss the Complaint. (ECF No. 9.) This motion automatically stayed discovery for a time based upon the court's Order to Propose Schedule. (ECF No. 6 p. 4.) Mr. Milton sought to modify this stay

---

[1] Judge Howard Nielson referred this case under 28 U.S.C. §636(b)(1)(a) for consideration of all non-dispositive matters. (ECF No. 5.) The court elects to decide the motion based on the written memoranda. DUCivR 7-1.

seeking discovery. Defendant opposed lifting the stay. (ECF No. 24.) Ultimately, the court denied Plaintiff's Motion to Lift Stay (ECF No. 26.) and also denied Defendant's Motion to Dismiss. (ECF No. 28.) The court then entered a scheduling order. (ECF No. 31.)

On July 28, 2021, the federal government indicted Plaintiff in the Southern District of New York for two counts of securities fraud and one count of wire fraud. Plaintiff pleaded not guilty and moved for a trial date as soon as possible. Trial is scheduled for April 4, 2021. According to Plaintiff, multiple critical deadlines, as well as the need to prepare for trial, are now affecting his ability to prosecute this case. Moreover, Defendant allegedly is using the criminal case to influence the proceedings in this case by seeking discovery relating to issues in the criminal matter. Given this backdrop, Plaintiff seeks to stay this case for a time.

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action...." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970) (internal citations omitted). Although the "Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009).

Plaintiff offers three primary justifications for a stay in this case. First, Plaintiff asserts, "the criminal case requires his undivided focus in a way that could not have been expected at the time Mr. Milton first filed this case." Mtn. p. 7. Second, Plaintiff argues he faces pressing

deadlines right now in the criminal matter that "make it impossible for [him] to redirect his energies for a significant period to prepare for the deposition here without prejudicing his criminal case." *Id.* Third, Plaintiff alleges a recently developed need to have his lead criminal defense counsel present to defend his deposition, because Defendant "attempts to create parallels in this matter and the criminal case." *Id.* p. 8. Plaintiff offers several cases of parties successfully seeking a stay of a civil case when facing criminal proceedings in support of the motions. *See M.D. Diet Weight Loss and Nutrition Clinic, L.C. v. Absolute Weight Loss and Nutrition Ctr., LLC*, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006) (granting stay of civil discovery due to related pending criminal matter); *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (compiling cases where courts delayed a noncriminal proceeding until after the completion of criminal proceedings).

      The court finds Plaintiff's arguments unpersuasive. Mr. Milton fails to demonstrate substantial prejudice to his rights. The history of this matter demonstrates Plaintiff actively prosecuted this case until the eve of his own deposition when he suddenly became too busy with "pressing deadlines" to continue its prosecution. For example, Plaintiff served multiple sets of discovery requests even after he was indicted in July 2021. Each of the cases cited to by Plaintiff are also inapposite. They present instances of criminal defendants successfully seeking a stay of a civil case in which they were also defendants facing civil claims similar to pending criminal charges. Here, the circumstances are different from those when a defendant faces parallel criminal and civil proceedings. The federal government indicted Plaintiff who brought this action, and it is Plaintiff, who now seeks a stay of proceedings. As already noted by this court in rejecting a similar motion, "An individual who defends parallel civil and criminal litigation is involuntarily forced to choose between his Fifth Amendment rights and civil liability. That

individual has no control over whether or when claims are brought against him." *Miller v. Jacobson*, No. 2:19-CV-00956-BSJ, 2020 WL 5573507, at *4 (D. Utah Sept. 17, 2020). In contrast, Mr. Milton has control over his claims, and his choices between Fifth Amendment rights and civil liability are not implicated. *See id.* In fact, Plaintiff's motion is silent as to any Fifth Amendment issues. Plaintiff voluntarily invoked this civil process and it is a fairly novel proposition to ask for it to come to a screeching halt while attending to matters that are now more pressing. *See id.*

Finally, the sovereign prosecuting Mr. Milton, the federal government, is not a party to these proceedings. Plaintiff fails to offer credible evidence that discovery in this case is going to be used against him in the criminal proceeding.

## ORDER

Based on the foregoing, the court DENIES both of Plaintiff's motion. The parties are ORDERED to submit a new schedule to the court that includes dates for Plaintiff's deposition within twenty (20) days from the date of this order.

DATED this 21 December 2021.

_____
Dustin B. Pead
United States Magistrate Judge