Matthew Lewis (7919)
Ryan Bell (9956)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
rbell@kba.law

Terence Healy (*pro hac vice*)
Samuel W. Salyer (*pro hac vice*)
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (202) 721-4600
terence.healy@hugheshubbard.com
samuel.salyer@hugheshubbard.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TREVOR MILTON,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID BATEMAN,<br><br>    Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS**<br><br>Case No. 2:20-cv-00700-HCN-DBP<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

**TABLE OF CONTENTS**

Page

INTRODUCTION ....................................................................................................................1

ARGUMENT..........................................................................................................................2

I.  DISMISSAL WITHOUT PREJUDICE IS APPROPRIATE IN THE
    PRESENT CIRCUMSTANCES.....................................................................................2

    A.  Penalizing Mr. Milton For Seeking To Protect His Rights In The
        Criminal Action Would Be Unjust ..................................................................2

    B.  Dismissal Without Prejudice Is Appropriate Under Federal Rule of
        Civil Procedure 41(a)(2) ...................................................................................6

II. DEFENDANT IS NOT ENTITLED TO COSTS OR EXPENSES ...................................7

CONCLUSION.......................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allred v. Moroni Feed Co.*, No. 2:14-cv-00405, 2015 WL 1467587 (D. Utah Mar. 30, 2015) ..................................................................................................................7

*Appelbaum v. Rickenbacker Grp., Inc.*, No. 12-80251-CV-RYSKAMP/HOPKINS, 2013 WL 12121512 (S.D. Fla. Feb. 11, 2013) ...................5

*Armstrong v. Tanaka*, 228 P.3d 79 (Alaska 2010) .......................................................................2

*Brown v. Baeke*, 413 F.3d 1121 (10th Cir. 2005) ........................................................................6

*Celtig v. Patey*, No. 2:17-cv-01086-JNP-EJF, 2019 WL 11626421 (D. Utah July 9, 2019) ..................................................................................................................5

*Clark v. Tansy*, 13 F.3d 1407 (10th Cir. 1993) ............................................................................6

*County of Santa Fe v. Public Serv. Co. of N.M.*, 311 F.3d 1031 (10th Cir. 2002) .......................6

*DeAtley v. Allard*, No. 14-cv-00100-RM-KMT, 2014 U.S. Dist. LEXIS 41037 (D. Colo. Mar. 27, 2014) ..........................................................................................3

*Dimensions Med. Ctr. v. Principal Fin. Group*, No. 93 C 6264, 1996 U.S. Dist. LEXIS 12051 (N.D. Ill. Aug. 20, 1996) ........................................................4

*Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) ...............................................................5

*Evans v. Taylorsville City*, No. 2:06-cv-631-TS-PMW, 2009 WL 10728297 (D. Utah Apr. 17, 2009) ...........................................................................................7

*Flesch v. Lund*, No. 2:20-CV-212-HCN, 2021 U.S. Dist. LEXIS 214784 (D. Utah Nov. 5, 2021) ...........................................................................................5

*Fletcher v. City of Marshall*, No. 4:17-CV-01002-DGK, 2019 U.S. Dist. LEXIS 12210 (W.D. Mo. Jan. 25, 2019) .......................................................................4

*Hartbrodt v. Burke*, 42 Cal. App. 4th 168 (Cal. Ct. App. 1996) .................................................4

*Henson v. Citizens Bank of Irving*, 549 S.W.2d 446 (Tex. Civ. App. 1977) ...............................4

*Kisting v. Westchester Fire Ins. Co.*, 290 F. Supp. 141 (W.D. Wis. 1968), *aff'd*, 416 F.2d 967 (7th Cir. 1969) ............................................................................4

*McMullen v. Bay Ship Mgmt.*, 335 F.3d 215 (3d Cir. 2003)......................................................2, 4

*Meade v. Grubbs*, 841 F.2d 1512 (10th Cir.1988), *abrogated in part on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................4

*Park Cityz Realty v. Archos Cap., LLC*, No 2:20-cv-00522-JCB, 2021 U.S. Dist. LEXIS 119490 (D. Utah June 25, 2021)..................................................................7

*Penn Commc'ns Specialties, Inc. v. Hess*, 65 F.R.D. 510 (E.D. Pa. 1975) ...................................4

*Ranger Transp., Inc. v. Wal-Mart Stores*, 903 F.2d 1185 (8th Cir. 1990).......................................7

*Shaw v. Hardberger*, No. SA-06-CA-751-XR, 2007 WL 1465850 (W.D. Tex. May 16, 2007)..................................................................................................3

*Steiner v. Minn. Life Ins. Co.*, 85 P.3d 135 (Colo. 2004)..................................................................4

*Tribble v. Tew*, 760 F. App'x 718 (11th Cir. 2019) ..........................................................................4

*Walker v. Northwestern Mut. Life Ins. Co.*, No. 5:15-CV-79-JMH, 2015 U.S. Dist. LEXIS 118683 (E.D. Ky. Sept. 4, 2015) ...................................................................3

*Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084 (5th Cir. 1979) .............................................3, 4

**Constitutional Provisions**

U.S. Const. amend. V...................................................................................................................3, 4

**Statutes and Rules**

Fed. R. Civ. P. 37.....................................................................................................................5, 6, 7

Fed. R. Civ. P. 41.............................................................................................................................5

**Treatises and Periodical Materials**

8 Wright et al., Fed. Practice and Procedure § 2018 (2d ed. 1994) .................................................4

Plaintiff Trevor Milton submits this response to Defendant David Bateman's motion to dismiss and for sanctions [Doc. 41]. Mr. Milton consents to this action being dismissed but requests that dismissal be without prejudice and without the imposition of sanctions or fees.

## **INTRODUCTION**

On November 1, 2021, counsel for Trevor Milton informed defense counsel that Mr. Milton could not be deposed in this matter while criminal charges against him were pending in the Southern District of New York and requested a short stay of discovery until after Mr. Milton's criminal trial is completed in early 2022. (*See* Ex. 1, R. Bell Email, Nov. 1, 2021.) Defendant's counsel refused to agree to a stay and, instead, unilaterally noticed Mr. Milton's deposition for December 8—notwithstanding the prior notification that Mr. Milton could not appear for a deposition at that point in time. (*See* Ex. 2, Notice of Deposition.) Defendant's counsel did not follow up regarding Mr. Milton's availability for a deposition until December 2, 2021, at which point Mr. Milton's counsel again conveyed, both by phone and in written communications, that Mr. Milton could not presently appear for a deposition. (*See* Ex. 3, R. Bell Email, Dec. 2, 2021.)

Shortly thereafter, on December 6, 2021, Mr. Milton filed a motion to stay discovery until resolution of the criminal proceedings against him [Doc. 34] and a motion for a protective order [Doc. 35]. Defendant opposed those motions and filed the instant request for a dismissal of this action with prejudice. On December 21, 2021, the Court denied Mr. Milton's motion for a stay and ordered Mr. Milton to appear for a deposition in the next twenty days. Order at 4 [Doc. 45]. Defendant has now requested to take Mr. Milton's testimony on or before January 10, 2022. (*See* Ex. 4, D. Reid Email, Dec. 21, 2021.)

In light of the Court's Order and the need for Mr. Milton to avoid unduly constraining his potential defense strategies, Mr. Milton has no option but to consent to dismissal of this action—he simply cannot appear for a deposition while criminal charges are pending. Under these circumstances, the most appropriate resolution of this matter would be for the Court to enter a dismissal without prejudice. Defendant's request for expenses should be denied.

## **ARGUMENT**

**I.     DISMISSAL WITHOUT PREJUDICE IS APPROPRIATE IN THE PRESENT CIRCUMSTANCES.**

**A.     Penalizing Mr. Milton For Seeking to Protect His Rights in the Criminal Action Would Be Unjust.**

Mr. Milton has never "refused to be deposed," contrary to the assertions of Defendant. Mot. at 1 [Doc. 41]. Rather, Mr. Milton simply asked for a stay of discovery and an extension of deadlines until after his criminal trial—scheduled for April 4, 2022—is completed. The reason for that request was clear: Defendant has used discovery in this defamation action to try to further harm Mr. Milton by soliciting evidence related to Mr. Milton's pending criminal charges—charges which have no conceivable relevance to the issues in this case. Although Mr. Milton is confident the New York jury will find the baseless fraud allegations against him to lack merit, and although those allegations have no bearing on this action *against* Defendant, Mr. Milton requested a modest stay to preserve the integrity of his criminal defense.

Also contrary to Defendant's assertions, there is extensive caselaw holding that a "plaintiff in a civil lawsuit who is the defendant in a related criminal case is entitled to a stay of civil proceedings pending resolution of the criminal case" if the interests of justice so dictate. *Armstrong v. Tanaka*, 228 P.3d 79, 84 (Alaska 2010). When a civil plaintiff seeks a stay of a

2

civil action based on concerns about endangering the defense of a concurrent criminal proceeding, the prevailing modern approach—as opposed to the previous more restrictive approach espoused by some courts—is to balance the plaintiffs' constitutional rights against the potential prejudice to the defendant. *See McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 218 (3d Cir. 2003) (discussing the modern approach and balancing test). That is, "courts have recognized that a stay may be appropriate to avoid requiring a plaintiff to choose between his silence and his lawsuit, so long as it does not impose undue hardship on the defendants. Thus, the fact that Mr. [Milton] is a plaintiff, rather than a defendant, is of little import, assuming a stay is otherwise warranted." *DeAtley v. Allard*, No. 14-cv-00100-RM-KMT, 2014 U.S. Dist. LEXIS 41037, at *6 (D. Colo. Mar. 27, 2014) (internal quotation marks and citation omitted).[1]

Therefore, although the Court determined that Mr. Milton was not entitled to a stay, there is no question that he had solid grounds for seeking such a stay. There is no basis to impose sanctions on Mr. Milton for having pursued the remedy of a stay, and there is certainly no basis to impose with-prejudice terminating sanctions.

Indeed, contrary to Defendant's hypothetical argument[2] that a civil plaintiff's invocation of the Fifth Amendment based on a pending criminal proceeding requires the with-prejudice dismissal of a civil action, Mot. § II.C., such a sanction is "constitutionally impermissible":

> [D]ismissing a plaintiff's action with prejudice solely because he exercises his privilege against self-incrimination is constitutionally

---

[1] *See also, e.g.*, *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1087-88 (5th Cir. 1979); *Shaw v. Hardberger*, No. SA-06-CA-751-XR, 2007 WL 1465850, at *1-2 (W.D. Tex. May 16, 2007) (granting stay requested by plaintiff where plaintiff was also defendant in criminal case); *Walker v. Northwestern Mut. Life Ins. Co.*, No. 5:15-CV-79-JMH, 2015 U.S. Dist. LEXIS 118683, at *3-7 (E.D. Ky. Sept. 4, 2015) (same).

[2] The argument is hypothetical because Mr. Milton has not yet been deposed and has not asserted any Fifth Amendment privilege.

> impermissible. [Plaintiff] had, in addition to his Fifth Amendment right to silence, a due process right to a judicial determination of his civil action. When the district court ordered [Plaintiff] to answer [Defendant's] questions or suffer dismissal, it forced plaintiff to choose between his silence and his lawsuit. The Supreme Court has disapproved of procedures which require a party to surrender one constitutional right in order to assert another. Similarly, the Court has emphasized that a party claiming the Fifth Amendment privilege should suffer no penalty for his silence: In this context "penalty" is not restricted to fine or imprisonment. It means … the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly.' … [D]ismissing a party's action because he asserts his Fifth Amendment privilege makes resort to that privilege 'costly.'

*Wehling*, 608 F.2d at 1087-88 (internal quotation marks and citations omitted); *see also, e.g.*, *Steiner v. Minn. Life Ins. Co.*, 85 P.3d 135, 140 (Colo. 2004) ("even a plaintiff in a civil case may invoke that privilege, and does not surrender his constitutional right merely by the filing of an action.").[3]

---

[3] "It is inconceivable that by exercising the constitutional right to bring or defend an action a person waives his or her constitutional right not to be a witness against himself or herself, and no case has so held." *McMullen*, 335 F.3d at 218 (quoting 8 Wright et al., Fed. Practice and Procedure § 2018 (2d ed. 1994)) (Here, "the party availing himself of the Fifth Amendment privilege is a plaintiff who chose to bring the suit, rather than a defendant who had been summoned into court. Some commentators have suggested that having selected the litigation process, a plaintiff may not use the privilege to advance his cause — to use it as a sword, rather than a shield. *That approach, however, has not carried the day*." (emphasis added)).

Virtually all of the cases cited by Defendant are decades old and follow this now-discredited approach. *See Kisting v. Westchester Fire Ins. Co.*, 290 F. Supp. 141, 149 (W.D. Wis. 1968), *aff'd,* 416 F.2d 967 (7th Cir. 1969); *Penn Commc'ns Specialties, Inc. v. Hess*, 65 F.R.D. 510, 511-12 (E.D. Pa. 1975); *Hartbrodt v. Burke*, 42 Cal. App. 4th 168, 175 (Cal. Ct. App. 1996); *Henson v. Citizens Bank of Irving*, 549 S.W.2d 446, 448 (Tex. Civ. App. 1977); *Dimensions Med. Ctr. v. Principal Fin. Group*, No. 93 C 6264, 1996 U.S. Dist. LEXIS 12051, at *21-25 (N.D. Ill. Aug. 20, 1996). With respect to the two more recent cases cited by Defendant, *Tribble v. Tew*, 760 F. App'x 718 (11th Cir. 2019), does not support his argument at all. In that case, the Eleventh Circuit had *ordered the district court to stay a civil action pending a criminal proceeding against the plaintiff* but allowed the stay to be temporarily lifted for the limited purposes of discharging a *lis pendens*. *See id* at 720-21. The court in *Fletcher v. City of Marshall*, No. 4:17-CV-01002-DGK, 2019 U.S. Dist. LEXIS 12210, at *7-9 (W.D. Mo. Jan. 25, 2019), relied entirely on older precedent with no discussion of the more modern case law holding to the contrary.

Furthermore, dismissal with prejudice is "a severe sanction reserved for extreme circumstances." *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir.1988) (reversing dismissal), *abrogated in part on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Such a dismissal is usually appropriate "only where a lesser sanction would not serve the interest of justice." *Id*. Consistent with the extreme nature of the sanction, Defendant has not cited a single case which was dismissed with prejudice solely because a party did not appear for a non-court-ordered deposition—much less one where the nonappearance was justified by the factors set forth above. The cases cited by Defendant addressed egregious situations where, for example, a party had unjustifiably delayed discovery, the court had ordered the party's appearance, and the court had warned the party that the court would dismiss his complaint in the event of noncompliance with an order to appear. *See, e.g.*, *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992); *Flesch v. Lund*, No. 2:20-CV-212-HCN, 2021 U.S. Dist. LEXIS 214784, at *1 (D. Utah Nov. 5, 2021) (dismissing case where plaintiff ignored multiple court orders to amend his complaint to remedy deficiencies and utterly abandoned the litigation of his case). No such circumstances exist here.

Indeed, given that prior to the Court's December 21 Order, there were pending motions for a stay and protective order and the Court had not issued any instruction to proceed with the deposition of Mr. Milton, terminating sanctions under Rule 37 should not be available at all. *See* Fed. R. Civ. Pro. 37(d)(2); *Celtig v. Patey*, No. 2:17-cv-01086-JNP-EJF, 2019 WL 11626421, at *4 (D. Utah July 9, 2019) ("[B]est practices would encourage the Court to warn a party that an entry of default judgment or dismissal of counterclaims would be a likely sanction for noncompliance before imposing terminating sanctions"); *Appelbaum v. Rickenbacker Grp., Inc.*,

5

No. 12-80251-CV-RYSKAMP/HOPKINS, 2013 WL 12121512, at *3 (S.D. Fla. Feb. 11, 2013) ("Courts generally construe Rule 37 to require the issuance of an order to compel, followed by noncompliance prior to dismissal of the action.").[4]

### B. Dismissal Without Prejudice Is Appropriate Under Federal Rule of Civil Procedure 41(a)(2).

Pursuant to Federal Rule of Civil Procedure 41(a)(2), a court may order an action dismissed without prejudice at a plaintiff's request. "[A]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal citation omitted). Courts within this Circuit consider the following factors in ascertaining "legal prejudice": "the [opposing party's] effort and expense of preparation for trial; excessive delay and lack of diligence on the part of the [movant] in prosecuting the action; [and] insufficient explanation for the need to take a dismissal." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (internal citation omitted). "In reaching its conclusion, [t]he district court should endeavor to ensure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *County of Santa Fe v. Public Serv. Co. of N.M.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (internal quotation marks and citation omitted). The relevant factors weigh in favor of dismissal without prejudice here.

*First*, although discovery has begun and the parties have engaged in some motions practice, the parties have not yet engaged in the heavier burdens of substantive depositions or

---

[4] The notion that Mr. Milton's seeking a stay of discovery and a protective order amounts to a failure to prosecute, Mot. § II.B., is not credible.

expert reports, and a trial date has not been set.  *Second*, Mr. Milton has acted expeditiously and promptly in asking for this relief once the denial of the stay motion made it apparent that dismissal was necessary to protect his rights in the criminal proceeding.  *Third*, the need for a without-prejudice dismissal is clear: Mr. Milton should not be forced to permanently forego his legal right to protect himself against defamatory statements simply due to the existence of unrelated criminal proceedings against him.  A without-prejudice dismissal would allow Plaintiff to revisit the question of whether to pursue his claims after the criminal proceeding is resolved.

## II.     DEFENDANT IS NOT ENTITLED TO COSTS OR EXPENSES.

Sanctions in the form of expenses are not appropriate if "the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Mr. Milton's inability to appear for a deposition was substantially justified in light of the pending criminal proceedings against him.  *See supra* at 2-3.   Sanctions in these circumstances would be unjust.

Even if Defendant were entitled to costs or expenses (which he is not), he has not incurred any such costs or expenses caused by Mr. Milton's non-appearance at the noticed deposition—and certainly cannot justify his argument that *all* of his litigation expenses since November, including those resulting from Defendant's own discovery requests, are recoverable as a sanction under Rule 37(d). *See* Mot. at 10.  The only recoverable expenses under Rule 37(d) are those that were actually caused by the deponent's non-appearance (*e.g.*, the costs of a court reporter).  Other discovery expenses, such as deposition preparation or opposing a protective order are *not* permissible sanctions under Rule 37(d).  *See, e.g.*, *Park Cityz Realty v. Archos Cap., LLC*, No 2:20-cv-00522-JCB, 2021 U.S. Dist. LEXIS 119490, at *10-11 (D. Utah June 25,

2021); *Evans v. Taylorsville City*, No. 2:06-cv-631-TS-PMW, 2009 WL 10728297, at *2 (D. Utah Apr. 17, 2009); *Ranger Transp., Inc. v. Wal-Mart Stores*, 903 F.2d 1185, 1188 (8th Cir. 1990).

Defendant has not identified any expenses caused by Mr. Milton's non-appearance for a deposition, nor could he, because Defendant was made aware that Mr. Milton would not be appearing for a deposition *before* the deposition was even noticed. *See, e.g.*, *Allred v. Moroni Feed Co.*, No. 2:14-cv-00405, 2015 WL 1467587, at *7 (D. Utah Mar. 30, 2015) (denying request for deposition expenses where nonattending deponent previously informed the other party that she would not attend).

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss this action without prejudice and deny Defendant's request for sanctions.

DATED: December 27, 2021.     Respectfully submitted,

*/s/ Ryan B. Bell* .
Matthew Lewis (7919)
Ryan Bell (9956)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
rbell@kba.law

Terence Healy (*pro hac vice*)
Samuel W. Salyer (*pro hac vice*)
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (202) 721-4600
terence.healy@hugheshubbard.com
samuel.salyer@hugheshubbard.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, I filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS** via the Court's electronic case filing system, which effectuated service on all counsel of record.

/s/ *Kiersten Slade*
By: Kiersten Slade